### David Berthall, Appellee, v. Mary E. Goss et al., Appellants.

VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the evidence where it is not clearly and manifestly against its weight.

Replevin. Appeal from the Circuit Court of Perry county; the Hon. W. E. HADLEY, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed November 11, 1911.

NELSON B. LAYMAN and BENJAMIN W. POPE, for appellant.

W. O. EDWARDS, for appellee.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

Appellee brought suit against appellants to recover fifty-five bushels of wheat. His affidavit in replevin described the wheat as being in a granary located on the northeast quarter of the northeast quarter of section ten, township five, range two, west of the third principal meridian, in Perry county. The wheat was not found at the place described but at another place and it is urged this was a fatal variance. The evidence shows, and indeed there is no dispute, that the wheat sought to be recovered was wheat raised upon a piece of land purchased by appellee from appellants while the wheat was growing; that it was the same wheat due as rent in kind for the land and this being so and the wheat levied upon being identified as the same wheat, the description of the place was immaterial and might be rejected as surplusage. The levy on that particular fifty-five bushels of wheat was the object and purpose of the replevin writ and it was immaterial whether it was found in the place described or some other place.

It is also contended that the verdict finding appellee entitled to the property was against the weight of the evidence. It was sought by appellants to show that by parol agreement with appellee they were to have the wheat.

It appeared from the undisputed evidence that on November 8, 1909, appellants executed and delivered to appellee a deed of warranty conveying to appellee forty acres of land described as the northeast quarter of the northeast quarter of section ten, township five, range one, west, in Perry county, Illinois, and that at the time of the delivery of the deed the wheat in controversy was growing on the land and was afterwards harvested and threshed by the tenant, and delivered to appellants, as part of the amount of wheat due for the rent of the land described in the deed. There was no reservation in the deed of the growing crops.

Appellee argues that a verbal reservation is not binding or admissible in evidence where there was no reservation in the deed. Considerable evidence was introduced by appellants to the effect that prior to the execution of the deed appellee agreed to give one thousand dollars for the land and one-third of the crop. This evidence was admitted without objection and as error cannot now be assigned upon it, it will not be necessary to determine the question.

Whether there was such an agreement between the parties was disputed. In addition to the testimony of appellants that appellee did agree before the deed was made that he would pay one thousand dollars for the land and one-third of the crops growing, a witness named Wexel who was at the time in the employment of appellants, says he heard the conversation and that was the agreement. A witness Gunderson testifies that after the deed was made appellee in response to a question that he had bought the land and would have some wheat next year, said "No."

These conversations were denied by appellee and as

to the statement of Gunderson appellee is corroborated in his denial by another witness. Appellee testified that at the time of the execution of the deed appellants told him he should have the wheat. The tenant testified he heard appellants say after the deed was made that appellee was to have the wheat. Martha Finney also testified that after the execution of the deed appellant, Malinda Goss, told her that in the first place she reserved the wheat but appellee would not buy the land and they then agreed to let him have the wheat to get him to buy the land because they needed the money.

The evidence was conflicting and the verdict should not be disturbed as being against the weight of the evidence on this question.

This disposes of all the alleged errors to which the attention of this court is called. The judgment of the Circuit Court will be affirmed.